**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2250-17T1

MORRIS IMAGING
ASSOCIATES, PA,

      Plaintiff-Respondent,

v.

ROSA SEMILIA,

      Defendant/Third-Party Plaintiff-Appellant,

v.

MICHAEL HARRISON, ESQ., and
STACY FRONAPFEL, ESQ.,

      Third-Party Defendants-Respondents.

_____

Submitted October 29, 2018 – Decided January 7, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Morris County, Docket No. DC-005061-17.

Rosa Semilia, appellant pro se.

Michael S. Harrison, attorney for respondents.

PER CURIAM

This dispute arises from the collection of an outstanding bill for x-rays and a CAT scan (the services). The patient, defendant Rosa Semilia, appeals from Special Civil Part orders: granting summary judgment to the provider, plaintiff Morris Imaging Associates, P.A. (Morris Imaging); and granting motions dismissing defendant's counterclaim against Morris Imaging and her third-party complaint against Morris Imaging's legal representatives, Michael Harrison, Stacy Fronapfel, and the Law Office of Michael Harrison, LLC (the Law Office); and denying defendant's motion for reconsideration of the dismissal of her counterclaim and third-party complaint. For the reasons that follow, we affirm.

I

In November 2016, Semilia received the services at the Morristown Medical Center emergency room from physicians employed by Morris Imaging. Prior to the services being rendered, Semilia's husband signed a consent and payment authorization form on her behalf, which stated, in pertinent part,

> I understand and acknowledge that the majority of the physicians at the Hospital are members of the Voluntary Medical Staff and are not employees or agents of the Hospital, but are either independent contractors or independent practitioners who have been granted the privilege of using the Hospital's facilities

2

for the care and treatment of their patients[, including]
. . . Emergency Department physicians, . . . radiologists,
. . . on call physician[s], and other consultants who may
treat me.

Morris Imaging billed Semilia $499 for the services. After the bill for the services went unpaid for six months, Semilia received a letter dated May 15, 2017, from Harrison, on behalf of his client Morris Imaging, requesting payment. The letter stated that it was "not an implied or actual threat of a lawsuit on the debt" being collected.

Over a month later, Semilia disputed the bill in a letter to Harrison demanding proof of validity of the debt and warning that any further communications would "constitute[] a scheme of fraud and inland piracy by advancing a writing that you know or should know is false[.]" Harrison promptly responded three days later with a June 16 letter to Semilia, forwarding her an account statement titled "Morris Imaging Associates, P.A." with an amount due of $499. The letter informed Semilia that "[i]f payment is not forthcoming we will institute suit without further notice." About a month thereafter, the Law Office filed a breach of contract complaint for "Morris Imaging PA" against Semilia seeking payment of the $499 bill. The complaint was signed by Harrison and listed Fronapfel, an associate with the Law Office, as the filing attorney. However, a certification by Fronapfel states that she was

not working at the Law Office at the time the complaint was filed, nor did she have anything to do with the filing.

In her answer, Semilia denied breaching a contract with Morris Imaging and challenged the court's subject matter jurisdiction. Asserting violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692a to 1692p, she filed a counterclaim against Morris Imaging and a third-party complaint against the Law Office, Harrison, and Fronapfel. In particular, Semilia alleged: Morris Imaging injured her with false "material representations"; the Law Office engaged in misleading and threatening conduct; Harrison and Fronapfel, as debt collectors, made false representations; and Fronapfel filed a frivolous complaint against her.

On October 3, 2017, the motion judge granted the Rule 4:6-2(e) motions by Morris Imaging, and third-party defendants Harrison and Fronapfel,[1] dismissing both the counterclaim and third-party complaint with prejudice, respectively. The judge denied Semilia's motion for reconsideration on December 1. On December 7, the judge entered an order granting Morris Imaging's summary judgment motion.

---

[1] In her opposition to the motion to dismiss the counterclaim and third-party complaint, Semilia consented to the dismissal of her claims against the Law Office as being a mistakenly named third party.

II

In appealing the aforementioned orders, Semilia raises the following arguments in her initial brief:[2]

> POINT I
>
> THE APPELLATE DIVISION MUST DECIDE WHETHER THE LOWER COURT RULED CORRECTLY ON THE LAW OR RULES OF COURT WHEN IT GRANTED NON-EXISTENT PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM, THIRD-PARTY COMPLAINT, AND GRANTED MOTION FOR SUMMARY JUDGMENT.
>
> POINT II
>
> THE TRIAL COURT IGNORED THE REQUIREMENTS OF N.J.S.A. 14A:13-4; N.J.S.A. 14A:4-1; AND N.J.S.A. 14A:13-11.
>
> POINT III
>
> DENIAL OF EQUAL ACCESS TO THE COURT AND DENIAL OF REMEDY UNDER LAW.
>
> POINT IV
>
> SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED WITHOUT A HEARING AND COMPETENT WITNESS.

---

[2] Semilia's brief does not include the required point headings for her arguments; we therefore added them for organizational purposes.

A-2250-17T1

POINT V

DENIAL OF MOTION FOR SUMMARY JUDGMENT.

POINT VI

DISPUTE OF FACTS; CREDIBILITY ISSUES.

POINT VII

VIOLATION OF HEARSAY RULE AND DICTATES OF [SELLERS V. SCHONFELD,] 270 N.J. SUPER. 424 (APP. DIV. 1993).

POINT VIII

A LACK OF SUBJECT MATTER JURISDICTION [RULE] 4:6-2(a).

POINT IX

THE TRIAL COURT ERRED IN FAILING TO FOLLOW THE PLAIN LANGUAGE OF THE FDCPA'S PROVISIONS WHERE THE FDCPA SHOULD HAVE BEEN LIBERALLY CONSTRUED.

POINT X

MICHAEL HARRISON, ATTORNEY AT LAW IS A "DEBT COLLECTOR" UNDER THE FDCPA AS WAS CONCLUDED BY THE THIRD CIRCUIT COURT OF APPEALS IN GRAZIANO V. HARRISON, 950 F.2d 107 (3d Cir. 1991).

6

POINT XI

THE ALLEGED DEBT IS COVERED UNDER THE FDCPA.

POINT XII

CONDUCT OF COLLECTION LITIGATION.

POINT XIII

FILING THE INSTANT COMPLAINT IS AN ATTEMPT TO COLLECT A DEBT AND IS COVERED UNDER FDCPA.

POINT XIV

THE TRIAL COURT ERRONEOUSLY DISMISSED THE THIRD PARTY COMPLAINT WHERE IN FACT IT DOES NOT FAIL TO STATE A CAUSE OF ACTION AGAINST MICHAEL HARRISON, ESQ., AND STACY FRONAPFEL.

In her reply brief,[3] Semilia argues:

POINT I

PLAINTIFF THROUGH ITS ATTORNEY LIES TO THE APPELLATE DIVISION.

POINT II

APPELLEES' COUNSEL MICHAEL HARRISON IS IN VIOLATION OF RPC 3.3 WHERE MICHAEL HARRISON ON APPEAL KNOWINGLY MAKES

---

[3]  Again, we add point headings for her arguments for organization.

A-2250-17T1

FALSE STATEMENT TO A TRIBUNAL[.] (NOT ARGUED [BELOW]).

POINT III

APPELLEES' COUNSEL MICHAEL HARRISON IS IN VIOLATION OF RPC 4.1 (a) (1) WHERE MICHAEL HARRISON KNOWINGLY ON APPEAL MAKES A FALSE STATEMENT OF MATERIAL FACT TO A THIRD PERSON[.] (NOT ARGUED [BELOW]).

POINT IV

APPELLEES' COUNSEL MICHAEL HARRISON IS IN VIOLATION OF RPC 8.4 MISCONDUCT[.] (NOT ARGUED [BELOW]).

Initially, we note that from the record provided it appears the motion judge made his decisions on the papers without oral argument. The Notice of Appeal reflects that there is no transcript of the judge's decisions. None of the orders indicate that the reasons for granting or denying relief were set forth on the record or in written decisions. Thus, it appears that the judge failed to set forth, in a meaningful fashion, his factual findings and conclusions of law as required by Rule 1:7-4.[4] Usually, when this is not done, this court's review is impeded

_____

[4] Below the judge's signature at the end of the following orders, it is simply stated: December 1, 2017, – "Defendant has failed to set forth any new facts not previously raised in her original application. She does not satisfy the criterion of [Rule] 4:49-2 et seq."; and December 7, 2017, –"Plaintiff is entitled to

and a remand is necessary.  Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015).  However, in this case, to avoid unnecessary litigation delay, we will not remand because the record provided allows us to determine whether it was appropriate for the judge to grant summary judgment and dismiss the counterclaim and third-party complaint for failure to state a cause of action.  See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2018) (citing Leeds v. Chase Manhattan Bank, N.A., 331 N.J. Super. 416, 420-21 (App. Div. 2000) (affirming the grant of summary judgment even though order merely stated "denied")).

Summary Judgment

Semilia argues Morris Imaging's summary judgment motion should have been denied because a hearing was not provided with competent witnesses testifying, and there are "very important issues regarding . . . violations of due process, violations rights [sic] under the state and federal law, equal access to the courts and credibility issue[s]," which all lead to her "standing and ability to prosecute [her] complaint."  She further contends the court lacked subject matter jurisdiction over the claim because Morris Imaging is not incorporated in New

---

judgment as per [Rule] 4:46.  There is no genuine issue of material fact."  As for the October 3, 2017 order dismissing the counterclaims and third-party complaint, there is no statement.

Jersey and, therefore, is fictitious. These arguments are completely unfounded and reflect a misunderstanding of the summary judgment process.

When reviewing an order granting summary judgment, we apply "the same standard governing the trial court." Oyola v. Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). A court should grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party," in consideration of the applicable evidentiary standard, "are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A non-moving party "cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Ibid. at 541. Thus, "once the moving party presents sufficient evidence in support of the motion, the opposing party must 'demonstrate by competent evidential material that a genuine issue of fact exists[.]'" Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016) (citing Robbins v. Jersey City, 23 N.J. 229, 241 (1957)).

Indeed, "if the opposing party [in a] summary judgment motion 'offers . . . only facts which are immaterial or of an insubstantial nature, a mere scintilla, "[f]anciful, frivolous, gauzy or merely suspicious," he will not be heard to complain if the court grants summary judgment.'" Id. (citing Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 75 (1954)). "[T]hese general rules . . . without unjustly depriving a party of a trial, can effectively eliminate from crowded court calendars cases in which a trial would serve no useful purpose . . . knowing that a rational jury can reach but one conclusion." Brill, 142 N.J. at 541.

We agree with Morris Imaging that summary judgment was proper as there was no dispute of material facts and it was entitled to dismissal of the suit as a matter of law. As evidenced by Morris Imaging's Articles of Incorporation, the undisputed proofs established that Morris Imaging is a New Jersey corporation, which rendered services to Semilia at Morristown Medical Center; therefore, providing the court with subject matter jurisdiction over the dispute. In addition, undisputed proofs establish that Morris Imaging's physicians performed services for Semilia which she failed to pay for. Because there were no disputed issues of material facts, a trial was not necessary, and the judge was correct in granting summary judgment.

Semilia contends that the judge erred in dismissing the counterclaim against Morris Imaging and the third-party complaint against the Law Office, Harrison, and Fronapfel. In her counterclaim, she argued that Morris Imaging's collections complaint was frivolous because she did not enter into a contractual agreement with the company. She therefore alleged, "[c]ommon [l]aw [f]raud[,] [c]ommon [l]aw [m]isrepresentaion [a]nd [i]njurious [f]alsehood, [f]raud upon the [c]ourt" seeking "statutory damages of $1000[] and treble damages in the amount of $3,000[]." Moreover, she claimed that Morris Imaging violated the FDCPA. In her third-party complaint, she likewise claimed the third-party defendants violated her rights under the FDCPA. These contentions are unpersuasive.

In order for the FDCPA to apply, Semilia must establish there was a debt communication from a debt collector to a debtor. See 15 U.S.C. § 1692c. There are two communications in question: letters by Harrison – as counsel for Morris Imaging – dated May 15, 2017, and June 16, 2017. Neither letter qualifies Morris Imaging as a "debt collector" under the FDCPA, which is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Morris Imaging was a creditor seeking payment from Semilia through its counsel for services, and there is no dispute that the services were provided to Semilia and remained unpaid. Because under the FDCPA, there was no debt communication and Morris Imaging is not a debt collector, the statute does not apply in this case. See FTC v. Check Inv'rs, Inc., 502 F.3d 159, 173 (3d Cir. 2007); Hodges v. Sasil Corp., 189 N.J. 210, 224 (2007).

Moreover, even if Morris Imaging was a debt collector, nothing in the record suggests that it harassed, oppressed, or abused Semilia, 15 U.S.C. § 1692d; used false, deceptive, or misleading representations to collect their debt, 15 U.S.C. § 1692e; or used unfair or unconscionable means to collect their debt, 15 U.S.C. § 1692f. Thus, the counterclaim against it was properly denied.

As for Harrison, his initial communication with Semilia provided her with a debt collection notice that indicated: the amount of debt owed, 15 U.S.C. § 1692g(a)(1); the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2); informed her that he is a debt collector and it was "not an implied or actual threat of a lawsuit on the debt. . . ," 15 U.S.C. § 1692g(a)(3); and a statement that, upon Semilia's written request within the thirty-day period, he

will provide the name and address of Morris Imaging, 15 U.S.C. § 1692g(a)(5). The notice also contained a statement of legal rights which included "if [Semilia] notif[ies] this office, in writing, within thirty (30) days after [her] receipt of this notice[,] that [she] dispute[s] the debt or any portion thereof, this office will obtain verification of the debt" and mail it to her. See 15 U.S.C. § 1692g(a)(4). The notice did not mention any credit bureaus, threaten adverse credit reporting or lawsuits, and was generally polite. Thereafter, as noted previously, Semilia disputed the bill, Harrison promptly responded within three days, and suit was filed against Semilia two months later.

Harrison's conduct did not give rise to an actionable claim because even the least sophisticated debtor would know, based on the language contained in the initial notice, this was not a lawsuit but a pre-lawsuit action to collect a debt. See Jensen v. Pressler & Pressler, 791 F.3d 413, 420 (3d Cir. 2015). The notice was clear and included information required under the FDCPA. See 15 U.S.C. § 1692g(a). Moreover, neither of Harrison's letters were misleading. They were on his law firm's official letterhead and they explicitly notified Semilia that this was not a legal process and that Harrison was a debt collector assigned to collect a debt.

The only questionable violation was in the second letter that failed to state when a suit would be instituted if payment was not received. Even so, Harrison provided Semilia with the validation of the debt as requested and required under 15 U.S.C. § 1692g(b). There is nothing, however, indicating that she took any action during the two months between the receipt of the letter and the filing of the complaint. As stated previously, the debt is valid based upon the record. Hence, Harrison was properly dismissed as a third-party defendant.

The same can be said with respect to Fronapfel. Just because she may have filed the complaint against Semilia on behalf of the Law Firm is not abusive. As the Sixth Circuit recognized,

> "the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. Any attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system . . . cannot be said to be an abusive tactic under the FDCPA."
>
> Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330-31 (6th Cir. 2006).

Further, because a debt collector is responsible for "the activities of those it enlists to collect debts on its behalf," Marucci v. Cawley & Bergmann, LLP, 66 F. Supp. 3d 559, 564 (D.N.J. 2014) (quoting Pollice v. Natl. Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000)), thus Fronapfel, as an associate of the Law

15

Office, would be immune from liability under the FDCPA. Accordingly, we conclude there was no error in dismissing the third-party complaint against Fronapfel.

We next turn to the judge's order denying Semilia's motion for reconsideration of the orders dismissing the counterclaim and third-party complaint. Semilia argued: (1) "[p]laintiff's/[t]hird [p]arty [d]efendants' Notice of Motion fails to schedule the return date[,]" and the court made a "rush to judgment" and violated due process by not considering her opposition; (2) the court "failed to notify [her] of the October 3, 2017[,] return date[, a]s required by the court rules . . . "; and (3) "the [c]ourt procedurally err[ed] by issuing [the] October 3, 2017 order to dismiss . . . because the statements contained in counsel's [b]rief . . . could [not] and should [not] have been considered . . . since these statements were not attested to by counsel in a certification[.]" As noted previously, the judge rejected these arguments on the basis that Semilia "failed to set forth any new facts not previously raised in her original application [, and therefore,] [s]he does not satisfy the criterion of [Rule] 4:49-2 et seq."

When we consider a trial judge's denial of a Rule 4:49-2 motion for reconsideration, we have determined:

> Reconsideration itself is a matter within the sound discretion of the [c]ourt, to be exercised in the interest

16

of justice[.]  It is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion, but should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.

[Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (citation omitted).]

Therefore, we will not disturb a judge's denial of a motion for reconsideration absent an abuse of discretion.  See id. at 289.

Our review of the record reveals that there was no new information or any evidence that would significantly change the outcome of the motion.  Semilia merely recites the same arguments she previously made in the original counterclaim and third-party complaint.  Hence, we see no reason to disturb the judge's order denying reconsideration.

R.P.C. Claims

In Points II, III, and IV of her reply brief, Semilia contends Harrison violated various provisions of the Rules of Professional Conduct.  Since these contentions were not raised before the motion judge will not be considered on appeal because they do not "'go to the jurisdiction of the trial court or concern

17

matters of great public interest.'" Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Lastly, as for any of Semilia's arguments not expressly discussed above, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2250-17T1